1

2

3

4

5    UNITED STATES DISTRICT COURT

6    EASTERN DISTRICT OF WASHINGTON

7    RONALD KIMSEY,

8                                Plaintiff,

9           v.

10   SML RELOCATION SERVICES; and
     SIMPLE MOVERS, LLC.,

11                               Defendants.

12

NO:  2:15-CV-0209-TOR

ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

13          BEFORE THE COURT is Defendants' Motion for Partial Summary

14   Judgment Re Limitation of Damages Under the Carmack Amendment (ECF No.

15   20). This matter was heard with oral argument on September 9, 2016, in Spokane,

16   Washington. Derek T. Taylor appeared on behalf of Plaintiff Ronald Kimsey.

17   Justin R. Boland appeared on behalf of Defendants SML Relocation Services and

18   Simple Movers, LLC. The Court—having reviewed the briefing, the record, and

19   files therein and heard from counsel—is fully informed.

20

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 1

**BACKGROUND**

This action stems from an agreement between Plaintiff Ronald Kimsey ("Plaintiff") and Defendants SML Relocation Services and Simple Movers, LLC (collectively, "Defendants") to transport Plaintiff's personal effects from Las Vegas, Nevada to Spokane, Washington.  On May 15, 2015, Plaintiff filed a Complaint against Defendants in the Washington State Superior Court for Spokane County styled, *Ronald Kimsey v. SML Relocation Services, et al.*, case no. 15-2-01863-3. ECF No. 1-1. Defendant Simple Movers, LLC subsequently removed the action to this Court pursuant to this Court's jurisdiction under 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 49 U.S.C. § 14706, ECF No. 1.  On January 22, 2016, Plaintiff filed his Second Amended Complaint for Damages asserting negligence and breach of contract, and adding a third cause of action pursuant to the Carmack Amendment, 49 U.S.C. § 14706.  ECF No. 18.

In the instant motion, Defendants move for partial summary judgment on all of Plaintiff's claims.  ECF No. 20 at 7.  Defendants argue that Plaintiff's (1) claims are preempted by the Carmack Amendment; and (2) damages are limited pursuant to the Full Service Move Valuation Options form signed by Plaintiff.  ECF No. 20. Plaintiff concedes that breach of contract and negligence claims are preempted by the Carmack Amendment. ECF No. 23 at 4. However, Plaintiff avers that his damages should not be limited to a maximum of $0.60 per pound per article

because Defendants failed to issue a bill of lading prior to the move and the

damages limitation is not reasonable under the circumstances. *Id.* at 4-8.[1]

## FACTS

The following are the undisputed material facts unless otherwise noted.

Plaintiff hired Defendants to move his personal effects from Las Vegas, Nevada to

Spokane, Washington in 2013. ECF No. 20 at 2; *see* ECF No. 23 at 2 (undisputed).

On June 24, 2013, Plaintiff signed and returned a Quote to Defendants requesting

relocation services to transport Plaintiff's personal belongings from July 13, 2013

through July 16, 2013. ECF No. 20 at 2; ECF No. 21 at 6-7; *see also* ECF No. 22

at 5 (undisputed). That same day, Plaintiff initialed, signed, and returned a Full

Service Move Valuation Options form to Defendants. ECF No. 20 at 6-7; ECF No.

21 at 9-10; *see also* ECF No. 22 at 5-6.

The Full Service Move Valuation Options form provides "two types of

valuation options" for the full service move: an Increased Carrier Valuation and a

Released Value Valuation. ECF No. 21 at 9-10. Plaintiff selected the Released

---

[1] Plaintiff argues that even if his damages are contractually limited, in the

alternative, he is entitled to reasonable attorney fees under 49 U.S.C. § 14708(d) as

the prevailing party. ECF No. 23 at 8-10. This request is neither ripe nor properly

before this Court; accordingly, the Court will not consider it at this time.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

1  Value Valuation method of valuation computation, rather than the Increased

2  Carrier Valuation. ECF No. 20 at 2-3; ECF No. 21 at 9-10; *see also* ECF No. 23 at

3  2 and ECF No. 22 at 6 (undisputed). The "Released Value Valuation provides

4  repair or replacement for up to a maximum of $.60 per pound per article." ECF No.

5  21 at 9-10.

6      On July 13, 2013, Plaintiff's personal belongings were loaded in a moving

7  truck in Las Vegas on July 13, 2013, and unloaded in Spokane on July 16, 2013.

8  ECF No. 20 at 3; *see* ECF No. 23 at 2-3 (undisputed). On July 13, 2013 and July

9  16, 2013, Plaintiff received and signed a Household Goods Proposal/Contract for

10 Moving Services. ECF No. 20 at 3-4; ECF No. 21 at 12; *see* ECF No. 22 at 5

11 (undisputed).[2] The Household Goods Proposal/Contract for Moving Services

12

13 [2] Plaintiff admits in his opposition to Defendants' summary judgment motion that

14 he signed the Household Goods Proposal/Contract for Moving Services, but

15 denies—for the first time—that he received a copy prior to the truck leaving on

16 July 13, 2013. ECF No. 23 at 2-3. Yet, on March 30, 2016, Plaintiff verified a

17 Request for Admission admitting that he signed and received the same on July 13,

18 2013 and July 16, 2013.  ECF No. 22 at 5.  Plaintiff has not moved the Court to

19 withdraw or amend his admission.  *See* Fed. R. Civ. P. 36(b).  Accordingly, for

20 purposes of the instant motion, the Court deems the issue admitted. *See O'Campo*

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 4

references the $0.60 per pound per article carrier liability limitation. ECF No. 21 at 12.

After Defendants transported Plaintiff's personal belongings to Spokane, Plaintiff noticed that certain items were damaged and others missing. ECF No. 20 at 4; *see* ECF No. 23 at 3.

## DISCUSSION

### A. Standard of Review

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 36(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

_____

*v. Hardisty,* 262 F.2d 621, 624 (9th Cir. 1958) (finding that a district court may grant summary judgment based on deemed admissions); *999 v. C.I.T. Corp.,* 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded.").

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d) ("[T]he Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth [in the non-moving party's opposing statement of facts]").

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id.* "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and alterations omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."

1    *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also*

2    *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere

3    allegation and speculation do not create a factual dispute for purposes of summary

4    judgment.").

5          In ruling upon a summary judgment motion, a court must construe the facts,

6    as well as all rational inferences therefrom, in the light most favorable to the non-

7    moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which

8    would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285

9    F.3d 764, 773 (9th Cir. 2002). *See also Tolan v. Cotton*, 134 S. Ct. 1861, 1863

10   (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the

11   nonmovant is to be believed, and all justifiable inferences are to be drawn in his

12   favor." (internal quotation marks and brackets omitted)).

13   **B. Preemption Under the Carmack Amendment**

14         Defendants move for partial summary judgment on all of Plaintiff's claims,

15   and assert that all are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

16   ECF No. 20 at 7. Plaintiff concedes that the Carmack Amendment preempts breach

17   of contract and negligence claims. ECF No. 23 at 3-4. The Court agrees.

18         Briefly, the Carmack Amendment to the Interstate Commerce Act governs

19   the liability of carriers for damage to goods transported in interstate commerce and

20   defines the right to limit or disclaim liability imposed under the Amendment. 49

U.S.C. § 14706. It is well settled that the Carmack Amendment is the exclusive cause of action for interstate shipping contract claims alleging loss or damage to property, providing "a uniform national liability policy for interstate carriers." *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.,* 970 F.2d 609, 613 (9th Cir. 1992) (holding that preemption under the Carmack Amendment requires dismissal of a negligence claim); *see also Hall v. North Am. Van Lines,* 476 F.3d 683, 688-89 (9th Cir. 2007) (affirming dismissal of a breach of contract claim due to preemption under the Carmack Amendment).

Accordingly, the Court finds that the Carmack Amendment preempts Plaintiff's breach of contract and negligence causes of action; Defendants are entitled to summary judgment on both claims.

## C. Limitation of Damages Under the Carmack Amendment.

The Court turns its attention to whether Plaintiff's damages are limited to a maximum of $0.60 per pound per article under the Carmack Amendment. Plaintiff avers that his damages should not be limited because Defendants did not issue a bill of lading prior to the move on July 13, 2013, and because the damage limitation is not reasonable under the circumstances. ECF No. 23 at 4-8.

At the outset, a carrier is subject to the requirements of the Carmack Amendment and required "to issue a receipt or bill of lading for property it receives for transportation." 49 U.S.C. § 14706(a)(1); *see also OneBeacon Ins. Co.*

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

*v. Haas Industries, Inc.*, 634 F.3d 1092, 1097 (9th Cir. 2011). In turn, a "bill of lading" is characterized as a contract between the carrier and the shipper. 634 F.3d at 1098. A carrier is "liable to the person entitled to recover under the receipt or bill of lading" for any damage or loss to the property caused by the carrier during shipment calculated by the actual loss or injury to the property. § 14706(a)(1).

However, a carrier and shipper may agree to a "reasonable" value of the goods, for which the carrier will be liable in the event of damage or loss, in lieu of the actual value of the goods. § 14706(c)(1)(A). A carrier may "establish rates for the transportation of property . . . under which the liability of the carrier for such property is limited to a value established by . . . written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation." § 14706(c)(1)(A).   A carrier is liable for the full value of household goods, unless the shipper waives, in writing, the carrier's maximum liability. *See* § 14706(f)(3).

In *Hughes*, the Ninth Circuit set out a four-step inquiry for determining whether a carrier has effectively limited its liability under the Carmack Amendment.  970 F.2d at 611-12.  A carrier may limit its liability, but it must: (1) at the shipper's request, provide the shipper with a written or electronic copy of the rate, classification, rules, and practices upon which any rate applicable to a shipment, or agreed to between the shipper and the carrier, is based; (2) give the

shipper a reasonable opportunity to choose between two or more levels of liability;

(3) obtain the shipper's agreement as to his choice of carrier liability limit; and (4)

issue a bill of lading prior to moving the shipment that reflects any such agreement.

*OneBeacon Ins.,* 634 F.3d at 1099-1100 (citing *Hughes,* 970 F.2d at 611-12)

(amending the first prong of the *Hughes* four-part test to reflect a statutory

change).

Plaintiff challenges the reasonableness of Defendants' rate and the fourth

prong of the *Hughes* test regarding issuance of the bill of lading prior to shipment.

### 1. Rate Reasonableness

Plaintiff argues that due to the extraordinary nature and uniqueness of the

damaged or missing items and Defendants' actions, it is unreasonable to apply the

$0.60 per pound valuation limitation.  ECF No. 23 at 7-8.  Plaintiff also contends

that customers should not have to pay money to receive the actual value of their

items.  *Id.*

The Full Service Move Valuation Options form provided Plaintiff with two

options for the valuation of his property in the event the property became damaged

or lost.  ECF No. 21 at 9-10.  The first option, the Increased Carrier Valuation,

would have required Defendants to "offer one of the following for each item, up to

the declared value: (1) repair the item to the extent necessary to restore to the

condition when received; (2) replace with an item of like kind and quality; (3)

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 10

make a cash settlement for the cost of repair or full (replacement) cost." *Id.*  This

option allowed for the valuation of high value items, such as antiques and rare

collectible items, "based on the maximum liability restriction of $100 per pound

per article unless the Item(s) is declared by the customer on the High-Value Article

Inventory List and accepted by Defendants prior to the agreed upon moving date."

*Id.*  In other words, under the Increased Carrier Valuation, high value items would

have been covered for damage based on their accepted value. *See id.*

Instead, Plaintiff selected the Released Value Valuation option (at no cost)

agreeing to accept "repair or replacement for up to a maximum of $.60 per pound

per article." *Id.*  Plaintiff offered no legal authority in support of his contention

that $0.60 per pound per article is unreasonable, only conclusive, speculative

testimony, which is insufficient to raise genuine issues of fact and defeat summary

judgment. *Soremekun*, 509 F.3d at 984.  That Plaintiff could not afford the

Increased Carrier Valuation option is irrelevant.  ECF No. 24 at 1-2.

Courts have limited carrier liability premised on rates ranging from $0.10 to

$0.60 per pound.  *See e.g.*, *Hath v. Alleghany Color Corp.*, 369 F. Supp. 2d 1116,

1119 (D. Ariz. 2005) (limiting carrier liability to $0.10 per pound); *OneBeacon*

*Ins.*, 634 F.3d at 1100 (noting liability is limited to $50 or $0.50 per pound in the

absence of a higher declared value); *Hughes*, 970 F.2d at 613 (affirming $0.60 per

pound limited carrier liability).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 11

The Court finds that Plaintiff had reasonable notice and an opportunity to make an informed choice in selecting the liability limitation when he selected the Released Value Valuation on June 24, 2013. ECF No. 21 at 9-10.  While the Court is certainly sympathetic to the loss of Plaintiff's collectibles and his father's remains, the Court finds that Plaintiff has made no offer of proof tending to show the unreasonableness of the agreed upon rate, nor a lack of choice between the $.60 per pound liability limit and other options.  Plaintiff's testimony that he "did not understand it at the time" is belied by Plaintiff's testimony that he selected the Released Rate Valuation because "[w]hen he signed the agreements [he] could not afford the Increased Carrier Valuation." ECF No. 24 at 2-3.

It is undisputed that Plaintiff was aware of the availability of the higher release value.  *Id.*  The Full Service Move Valuation Options form delineates the monetary discount provided to Plaintiff in return for selecting the no cost lower release value.  ECF No. 21 at 9-10.  Plaintiff received the liability limitation options, and then elected, in writing, to waive the additional liability coverage. *Id.* Accordingly, the Court finds that the agreed upon $0.60 per pound rate is reasonable.

2.  Issuance of the Bill of Lading

Plaintiff contends that Defendants did not provide a copy of the bill of lading to Plaintiff before or after the shipment of goods, which precludes the Court from

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

finding that the Released Value Valuation damage limitation applies.  ECF No. 23 at 6-7.

At the outset, the Court finds that Defendants have satisfied their burden to meet all four prongs of the *Hughes* test. *Hughes*, 970 F.2d at 611-12. First, it is not contested that Defendants made its tariff available upon request. *See* 49 U.S.C. § 14706(c)(1)(B). Second, and as articulated above, Plaintiff had a "reasonable opportunity to choose between two or more levels of liability." *Hughes*, at 611-12. Third, it is undisputed that Plaintiff simply chose not to purchase additional liability coverage, which effectively limited Defendants' liability to $0.60 per pound per article. Finally, a bill of lading was issued prior to moving Plaintiff's personal effects as evidenced by Plaintiff's signature on the Household Goods Proposal/Contract for Moving Services on July 13, 2013, and his discovery admission in this action.  *See* ECF No. 21 at 12; ECF No. 22 at 5. The Court finds Plaintiff's assertion that he did not receive a copy of the bill of lading unpersuasive given that he admitted signing the bill of lading on the day of the move and again on completion of the move. *See Gendler v. All Pro Van Lines, Inc*., 464 F. Supp.2d 925, 926 (D. Ariz. 2005) (noting that a claim that a party did not receive a copy of a bill of lading is contradicted by the bill of lading bearing the party's signature). Plaintiff's signature on the bill of lading is dispositive and forecloses further debate about whether Defendants issued a bill of lading prior to the move.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

1    Nevertheless, construing the evidence in the light most favorable to Plaintiff,

2    failure to provide a copy of the bill of lading does not negate Defendants' issuance

3    of the bill of lading prior to the move. In other words, the fourth prong of the

4    *Hughes* test does not require the shipper to receive a copy of a bill of lading; rather,

5    issuance by the carrier prior to the move is all that is required, and the

6    uncontroverted evidence—Plaintiff's signature on July 13, 2013, and Plaintiff's

7    sworn discovery admission—is sufficient to establish that Defendants issued the

8    bill of lading prior to moving the shipment.  As a result, all *Hughes* factors are met

9    and Defendants' liability is validly limited.

10    Because the Carmack Amendment preempts state law claims, summary

11    judgment is granted to Defendant on Plaintiff's first claim for negligence and his

12    second claim for breach of contract.  ECF No. 18. As to Plaintiff's third claim

13    under the Carmack Amendment, Plaintiff waived any increased valuation and

14    effectively limited Defendants' liability under the Carmack Amendment to "repair

15    or replacement for up to a maximum of $.60 per pound per article."

16    //

17    //

18    //

19    //

20    //

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 14

**ACCORDINGLY, IT IS ORDERED:**

1.  Defendants' Motion for Partial Summary Judgment (ECF No. 20) is

    **GRANTED**.

2.  The District Court Executive is hereby directed to file this Order and

    provide copies to counsel.

**DATED** September 9, 2016.



                    THOMAS O. RICE
              Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 15